**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0136-17T3

WELLS FARGO BANK N.A.,

     Plaintiff-Respondent,

v.

DAVID BENNETT,

     Defendant-Appellant.

_____

         Submitted October 31, 2018 – Decided January 9, 2019

         Before Judges Fuentes and Moynihan.

         On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-021225-14.

         David Bennett, appellant pro se.

         Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, of counsel; Kristy L. Keiser, on the brief).

PER CURIAM

     Defendant David Bennett appeals from an October13, 2017 order denying his motion to vacate a final judgment entered on February 19, 2016 in this

foreclosure action that was commenced following defendant's failure to make payments on a $177,000 note – secured by a mortgage on his Jamesburg property – he executed in November 2004.[1]  After defendant's January 1, 2010 default, plaintiff Wells Fargo Bank N.A., to which the mortgage had been assigned in September 2010, filed its foreclosure complaint.

On the scheduled trial date, July 15, 2015, defendant's counsel advised the trial court that, after reviewing the trial exhibits and "weigh[ing] the possibilities of success" at trial, and discussing the matter with defendant, defendant was "willing to withdraw the . . . answer to the foreclosure complaint[] and[] have the complaint sent down to the Office of the Foreclosure Unit" as an uncontested case if plaintiff agreed to refrain from filing for final judgement before January

---

[1]  Defendant, in his first notice of appeal filed on September 11, 2017, appealed from the trial court's order of March 7, 2017 that denied his emergent application to stay a sheriff's sale that took place on March 15, 2017.  In an amended notice of appeal filed October 27, 2017, defendant appeals only from the October 13 order.  The amended notice of appeal does not list the March 7, 2017 order; nor does defendant's merits brief address any issues arising from the entry of that order.  As such we will consider the appeal from only the October 13 order.  We have made clear "it is only the judgment or orders designated in the notice of appeal which are subject to the appeal process and review."  1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004).  We have also noted claims that have not been briefed are deemed abandoned on appeal.  539 Absecon Blvd., L.L.C. v. Shan Enters. Ltd. P'ship, 406 N.J. Super. 242, 272 n.10 (App. Div. 2009).

A-0136-17T3

18, 2016. The parties agreed to additional conditions that plaintiff would provide defendant's counsel with a loan modification package by July 17, 2015, and that plaintiff's counsel would be "available to act as an intermediary in any loan modification process." Defendant, questioned under oath by the court, confirmed: he understood the agreement; his "attorney [had] explained it clearly to [him]"; he had no questions about the agreement; and he entered the agreement of his own volition. A consent order memorializing the agreement was filed that day.

Plaintiff moved for final judgment which was entered on February 19, 2016. Defendant moved to vacate the judgment on September 7, 2017. Judge Arnold L. Natali, Jr., patiently and thoroughly reviewed each of defendant's arguments, including some raised in an unfiled objection to the entry of the final judgment. The judge determined defendant had withdrawn his answer and was precluded from relying on the defenses raised therein, including his challenge to plaintiff's standing and the calculation of the amount due. Judge Natali further concluded: plaintiff, in any event, had standing as proved by the proofs it submitted; defendant did not proffer specific objections to the amount due as required by Rules 4:64-1(d)(3) and 4:64-2; defendant's motion to vacate was not timely filed; there was no competent evidence proffered by defendant that

3

plaintiff breached the condition of the settlement related to the loan modification package; and, after meticulously analyzing each section of the Rule, that defendant had failed to establish reasons under Rule 4:50-1(a) through (f) to warrant relief from judgment.

Defendant argues on appeal:

[POINT I]

WELLS FARGO CONTUMACIOUSLY BREACHED THE JULY 15, 2015, AGREEMENT, TO SUBMIT AND MONITOR THE 2015 LOAN MODIFICATION APPLICATION, BECAUSE THEY WERE [SIMULTANEOUSLY] SEEKING A DUAL TRACKING FORECLOSURE, WHICH SHOULD PRECLUDE WELLS FARGO FROM MAINTAINING JUDGMENT FOR FORECLOSURE AGAINST DAVID BENNETT.

[POINT II]

WELLS FARGO FAILURE TO VERIFY AND CREDIT PAYMENTS VIOLATION OF THE SECOND STEP IN FORECLOSURE PROCESS: VERIFICATION AND INSPECTION OF RECORDS.

[POINT III]

DUAL TRACKING: NO NOTICE WAS PROVIDED TO THE APPELLANT PURSUANT TO R[ULE] 1:15(a) REGARDING THE DISPOSAL OF A PRIOR FORECLOSURE CASE F-36680-13, WHICH WAS UNDER [SCRUTINY] FOR VIOLATIONS OF THE FAIR FORECLOSURE ACT (NOTICE OF INTENT TO FORECLOSE) APPELLANT DEFENDANT WAS

4

FIGHTING TWO ACTIVE FORECLOSURES CASES REGARDING THE SAME HOME [SIMULTANEOUSLY].

[POINT IV]

WELLS FARGO WAS THE LOAN SERVICER NOT THE LENDER WELLS FARGO[] UTILIZED THE FRAUDULENT, AND UNLAW[FUL] PRACTICE OF ROBO-SIGNING IN A JUDICIAL FORECLOSURE.

[POINT V]

[PREDATORY] LENDING AND DISPUTED BALANCE.

[POINT VI]

FINAL JUDGMENT FOR DEFAULT WAS ENTERED BUT JUDGMENT WAS NOT SUPPOSED TO AFFECT[] RIGHTS UNDER ANTI EVICTION: N.J.S.A. 2A:18-61.1 ET SEQ.

We determine defendant's arguments in Points III, IV and V to be without sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E). According the judge's denial of a Rule 4:50-1 motion substantial deference, we perceive no abuse of discretion, U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012), and affirm substantially for the reasons expressed by Judge Natali in his thorough and thoughtful oral decision.

We further note defendant consented to having his answer deemed uncontested. He, therefore, is barred from challenging the final judgment of

5

foreclosure.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.3 on R. 2:2-3 (2019) ("A judgment or order entered with the consent of parties is ordinarily not appealable for the purpose of challenging its substantive provisions."); N.J. Schools Constr. Corp. v. Lopez, 412 N.J. Super. 298, 308-09 (App. Div. 2010) (holding orders consented to by the parties are not appealable). Defendant's arguments related to dual tracking, the filing by plaintiff of multiple foreclosure complaints, and violation of his rights under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12, were not raised before the motion judge and will not be considered here.  Neider v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0136-17T3